**In re FORECLOSURE CASES.**

Nos. 3:07CV043, 07CV049, 07CV085, 07CV138, 07CV237, 07CV240, 07CV246, 07CV248, 07CV257, 07CV286, 07CV304, 07CV312, 07CV317, 07CV343, 07CV353, 07CV360, 07CV386, 07CV389, 07CV390, 07CV433.

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

Nov. 15, 2007.

---

Kevin L. Williams, Manley Deas Kochalski LLC, Columbus, OH, Timothy R. Billick, Metropolitan Savings Bank of Cleveland, Hudson, OH, for Citibank, N.A., HSBC Mortgage Services, Inc., Household Realty Corp., Indymac Bank, F.S.B., Deutsche Bank Trust Company Americas Formerly Known as Agent of Banker's Trust Company, Wells Fargo Bank, NA, LaSalle Bank National Association, Saxon Mortgage Service, Inc.

Colette S. Carr, Montgomery County Prosecuting Attorney's Office, Dayton, OH, for Montgomery County Treasurer.

Deborah F. Perkins, Miamisburg, OH, Pro se.

Betty A. Lowry, Brookeville, OH, Pro se.

Lucas Chambers Ward, Columbus, OH, for State of Ohio Department of Taxation.

Scott D. Schockling, Champaign County Prosecutor's Office, Urbana, OH, for Champaign County Treasurer.

Dennis Edward Stegner, Allen M. Lehmkuhl Co., L.P.A., Springfield, OH, for Douglas M. Morris.

Michael Edmond Foley, Greene County Prosecutors Office, Xenia, OH, for Greene County Treasurer.

## OPINION AND ORDER

THOMAS M. ROSE, District Judge.

The first private foreclosure action based upon federal diversity jurisdiction was filed in this Court on February 9, 2007. Since then, twenty-six (26) additional complaints for foreclosure based upon federal diversity jurisdiction have been filed.

## STANDING AND SUBJECT MATTER JURISDICTION

While each of the complaints for foreclosure pleads standing and jurisdiction, evidence submitted either with the complaint or later in the case indicates that standing and/or subject matter jurisdiction may not have existed at the time certain of the foreclosure complaints were filed. Further, only one of these foreclosure complaints thus far was filed in compliance with this Court's General Order 07–03 captioned "Procedures for Foreclosure Actions Based On Diversity Jurisdiction."

## Standing

■ Federal courts have only the power authorized by Article III of the United States Constitution and the statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). As a result, a plaintiff must have constitutional standing in order for a federal court to have jurisdiction. *Id.*

■ Plaintiffs have the burden of establishing standing. *Loren v. Blue Cross & Blue Shield of Michigan,* 505 F.3d 598, 606–07 (6th Cir.2007). If they cannot do so, their claims must be dismissed for lack of subject matter jurisdiction. *Id.* (citing *Central States Southeast & Southwest Areas Health and Welfare Fund v. Merck–Medco Managed Care,* 433 F.3d 181, 199 (2d Cir.2005)).

■ Because standing involves the federal court's subject matter jurisdiction, it can be raised sua sponte. *Id.* (citing *Central States,* 433 F.3d at 198). Further, standing is determined as of the time the complaint is filed. *Cleveland Branch, NAACP v. City of Parma, Ohio,* 263 F.3d 513, 524 (6th Cir.2001), *cert. denied,* 535 U.S. 971, 122 S.Ct. 1438, 152 L.Ed.2d 382 (2002). Finally, while a determination of standing is generally based upon allegations in the complaint, when standing is questioned, courts may consider evidence thereof. *See NAACP,* 263 F.3d at 523–30; *Senter v. General Motors,* 532 F.2d 511 (6th Cir.1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

■ To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely specula-tive, that the injury will be redressed by a favorable decision. *Loren,* at 606–07.

■ To show standing, then, in a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed, usually by not having received payments on the note.

## Diversity Jurisdiction

■ In addition to standing, a court may address the issue of subject matter jurisdiction at any time, with or without the issue being raised by a party to the action. *Community Health Plan of Ohio v. Mosser,* 347 F.3d 619, 622 (6th Cir.2003). Further, as with standing, the plaintiff must show that the federal court has subject matter jurisdiction over the foreclosure action at the time the foreclosure action was filed. *Coyne v. American Tobacco Company,* 183 F.3d 488, 492–93 (6th Cir.1999). Also as with standing, a federal court is required to assure itself that it has subject matter jurisdiction and the burden is on the plaintiff to show that subject matter jurisdiction existed at the time the complaint was filed. *Id.* Finally, if subject matter jurisdiction is questioned by the court, the plaintiff cannot rely solely upon the allegations in the complaint and must bring forward relevant, adequate proof that establishes subject matter jurisdiction. *Nelson Construction Co. v. U.S.,* 79 Fed.Cl. 81, 84–85 (Fed.Cl.2007) (citing *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *see also Nichols v. Muskingum College,* 318 F.3d 674, (6th Cir.2003) ("in reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction . . .").

The foreclosure actions are brought to federal court based upon the federal court having jurisdiction pursuant to 28 U.S.C. § 1332, termed diversity jurisdiction. To invoke diversity jurisdiction, the plaintiff must show that there is complete diversity of citizenship of the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## Conclusion

■■ While the plaintiffs in each of the above-captioned cases have pled that they have standing and that this Court has subject matter jurisdiction, they have submitted evidence that indicates that they may not have had standing at the time the foreclosure complaint was filed and that subject matter jurisdiction may not have existed when the foreclosure complaint was filed. Further, this Court has the responsibility to assure itself that the foreclosure plaintiffs have standing and that subject-matter-jurisdiction requirements are met at the time the complaint is filed. Even without the concerns raised by the documents the plaintiffs have filed, there is reason to question the existence of standing and the jurisdictional amount. *See* Katherine M. Porter, *Misbehavior and Mistake in Bankruptcy Mortgage Claims* 3–4 (November 6, 2007), University of Iowa College of Law Legal Studies Research Paper Series Available at SSRN: http://ssrn.com/abstract–1027961 ("[H]ome mortgage lenders often disobey the law and overreach in calculating the mortgage obligations of consumers.... Many of the overcharges and unreliable calculations ... raise the specter of poor recordkeeping, failure to comply with consumer protection laws, and massive, consistent overcharging.")

Therefore, plaintiffs are given until not later than thirty days following entry of this order to submit evidence showing that they had standing in the above-captioned cases **when the complaint was filed** and that this Court had diversity jurisdiction **when the complaint was filed.** Failure to do so will result in dismissal without prejudice to refiling if and when the plaintiff acquires standing and the diversity jurisdiction requirements are met. *See In re Foreclosure Cases,* No. 1:07CV2282, et al., 2007 WL 3232430 (N.D.Ohio Oct. 31, 2007) (Boyko, J.)

## COMPLIANCE WITH GENERAL ORDER 07–03

■■ Federal Rule of Civil Procedure 83(a)(2) provides that a "local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Fed.R.Civ.P. 83(a)(2). The Court recognizes that a local rule concerning what documents are to be filed with a certain type of complaint is a rule of form. *Hicks v. Miller Brewing Company,* 2002 WL 663703 (5th Cir.2002). However, a party may be denied rights as a sanction if failure to comply with such a local rule is willful. *Id.*

General Order 07–03 provides procedures for foreclosure actions that are based upon diversity jurisdiction. Included in this General Order is a list of items that must accompany the Complaint.[1] Among the items listed are: a Preliminary Judicial Report; a written payment history verified by the plaintiff's affidavit that the amount in controversy exceeds $75,000; a legible copy of the promissory note and any loan modifications, a record-

---

1. The Court views the statement "the complaint must be accompanied by the following" to mean that the items listed must be filed with the complaint and not at some time later that is more convenient for the plaintiff.

ed copy of the mortgage; any applicable assignments of the mortgage, an affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage; and a corporate disclosure statement. In general, it is from these items and the foreclosure complaint that the Court can confirm standing and the existence of diversity jurisdiction at the time the foreclosure complaint is filed.

### Conclusion

■ To date, twenty-six (26) of the twenty-seven (27) foreclosure actions based upon diversity jurisdiction pending before this Court were filed by the same attorney. One of the twenty-six (26) foreclosure actions was filed in compliance with General Order 07–03. The remainder were not.[2] Also, many of these foreclosure complaints are notated on the docket to indicate that they are not in compliance. Finally, the attorney who has filed the twenty-six (26) foreclosure complaints has informed the Court on the record that he knows and can comply with the filing requirements found in General Order 07–03.

Therefore, since the attorney who has filed twenty-six (26) of the twenty-seven (27) foreclosure actions based upon diversity jurisdiction that are currently before this Court is well aware of the requirements of General Order 07–03 and can comply with the General Order's filing requirements, failure in the future by this attorney to comply with the filing requirements of General Order 07–03 may only be considered to be willful. Also, due to the extensive discussions and argument that has taken place, failure to comply with the requirements of the General Order beyond

the filing requirements by this attorney may also be considered to be willful.

A willful failure to comply with General Order 07–03 in the future by the attorney who filed the twenty-six foreclosure actions now pending may result in immediate dismissal of the foreclosure action. Further, the attorney who filed the twenty-seventh foreclosure action is hereby put on notice that failure to comply with General Order 07–03 in the future may result in immediate dismissal of the foreclosure action.

This Court is well aware that entities who hold valid notes are entitled to receive timely payments in accordance with the notes. And, if they do not receive timely payments, the entities have the right to seek foreclosure on the accompanying mortgages. However, with regard the enforcement of standing and other jurisdictional requirements pertaining to foreclosure actions, this Court is in full agreement with Judge Christopher A Boyko of the United States District Court for the Northern District of Ohio who recently stressed that the judicial integrity of the United States District Court is **"Priceless."**

---

**2.** The Sixth Circuit may look to an attorney's actions in other cases to determine the extent of his or her good faith in a particular action. *See Capitol Indemnity Corp. v. Jellinick,* 75 Fed.Appx. 999, 1002 (6th Cir.2003). Further, the law holds a plaintiff "accountable for the acts and omissions of [its] chosen counsel." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).